

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-8-2008

# USA v. Lewis

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1834

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Lewis" (2008). *2008 Decisions*. Paper 884.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/884

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 07-1834

UNITED STATES OF AMERICA

v.

JEVON LEWIS,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 05-CR-00034
District Judge: The Honorable Eduardo C. Robreno

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 1, 2008

Before: RENDELL, SMITH,
and FISHER, *Circuit Judges*

(Filed: July 8, 2008)

OPINION

SMITH, *Circuit Judge*.

On June 29, 2005, a jury found Jevon Lewis guilty of possession of a firearm by a

convicted felon, in violation of 18 U.S.C. § 922(g)(1). The District Court sentenced

Lewis on March 16, 2007, to 87 months of imprisonment and three years of supervised

release. This timely appeal followed.[1]

Lewis advances four arguments on appeal. The two primary issues are whether: (1) the evidence offered at trial was sufficient to support Lewis's conviction for unlawful possession of a firearm, and (2) the District Court abused its discretion by limiting the scope of cross-examination. Because we conclude that the evidence was sufficient for the jury to convict and that the District Court did not abuse its discretion in limiting the scope of cross-examination, we will affirm Lewis's conviction. Lewis's other two contentions—that 18 U.S.C. § 922(g)(1) is unconstitutional, and that his due process rights were violated when the District Court applied a preponderance of the evidence standard for facts relevant to a sentence enhancement—are raised only to preserve the issues for possible Supreme Court review. *See United States v. Singletary*, 268 F.3d 196 (3d Cir. 2001) (holding § 922(g)(1) is constitutional); *United States v. Grier*, 475 F.3d 556 (3d Cir. 2007) (en banc) (holding that a preponderance of the evidence standard applies when determining facts relevant to sentencing). We, therefore, undertake no further discussion of these claims.

I.

The evidence against Lewis was sufficient as a matter of law to support his conviction. This Court employs a deferential standard of review to sufficiency of the

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

evidence challenges. *United States v. Voigt*, 89 F.3d 1050, 1080 (3d Cir. 1996). "It is not for us to weigh the evidence or to determine the credibility of the witnesses. The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Id.* (citation omitted). The substantial evidence standard is met where "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The two essential elements of 18 U.S.C. § 922(g)(1) are prior conviction of a felony and possession of a firearm.[2] At trial, the parties stipulated to Lewis's prior felony conviction; thus, the jury needed only to determine the element of possession.

While there were inconsistencies in the police officers' testimony, all four officers testified that Lewis was in possession of a firearm. This Court adheres to the well-established principle that witness credibility determinations must be made by the jury. *United States v. Giampa*, 758 F.2d 928, 935 (3d Cir. 1985) (citing *United States v. Cravero*, 530 F.2d 666, 670 (5th Cir. 1976)). Only in the rare circumstance that testimony is "unbelievable on its face" should an appellate court overturn a jury verdict due to insufficient evidence. *Cravero*, 530 F.2d at 670; *see United States v. Hunter*, 145 F.3d 946, 949–50 (7th Cir. 1998) (limiting judicial review of credibility determinations to

---

[2] Section 922(g)(1) reads, "It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

"the rare case in which it was physically impossible for the witness to observe that which he claims occurred, or impossible under the laws of nature for the occurrence to have taken place at all") (quotation omitted).

We disagree with Lewis's assertion that the conflicting testimony of the police officers rises to the level of creating an impossible event. This Court's independent review of the factual record reveals that a rational jury could have found that Lewis was in possession of a firearm. The jury's unanimous conviction of Lewis is also probative of this determination.[3] Accordingly, we conclude that the evidence offered at trial was sufficient to support Lewis's conviction for unlawful possession of a firearm.

## II.

Lewis also claims that the District Court's ruling during trial to limit the scope of cross-examination of Officer Elkins violated his Sixth Amendment right to confront a witness. This Court analyzes the limitation on cross-examination of a witness under an abuse of discretion standard. *United States v. Mussare*, 405 F.3d 161, 169 (3d Cir. 2005) (citation omitted) ("[A] district court retains 'wide latitude . . . to impose reasonable limits on cross-examination to avoid . . . harassment, prejudice, confusion of [the] issues . . . or interrogation that is repetitive or only marginally relevant.'") (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)). This Court will only conclude that the district

---

[3] We admonish counsel for Lewis for attempting to use a post-trial letter from a juror to impeach the verdict in clear violation of Fed. R. Evid. 606(b). *See United States v. Lloyd*, 269 F.3d 228, 237 (3d Cir. 2001).

court abused its discretion if "no reasonable person would adopt the district court's view." *United States v. Frazier*, 469 F.3d 85, 88 (3d Cir. 2006) (quotation omitted).

The District Court held extensive discussions with counsel regarding the permissible scope of inquiry into prior allegations of Elkins' use of force.[4] Lewis sought to cross-examine Elkins regarding the facts surrounding the allegations. The District Court emphasized the need for confining the scope of cross-examination "to avoid mini-trials on peripheral or irrelevant matters." Therefore, the Judge allowed limited cross-examination regarding a narrow issue—the accuracy of Elkins' prior testimony at the suppression hearing. This Court's precedent clearly establishes a judge's broad discretion to exclude collateral matters. *United States v. Casoni*, 950 F.2d 893, 919 (3d Cir. 1991). We conclude that the Judge acted reasonably in excluding irrelevant and potentially confusing testimony. Accordingly, we will affirm the judgment of the District Court.

---

[4] During the April 7, 2005 suppression hearing, Officer Elkins testified that he had never been the subject of either an investigation or a complaint alleging "excessive force." Elkins further testified that he had never been the subject of a complaint alleging "police brutality." At the time of this testimony, he was the subject of a citizen complaint alleging "physical abuse" resulting from a September 2004 incident. Officer Elkins, along with the four other officers involved, were exonerated before Lewis's trial began.